UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| UNITED STATES OF AMERICA, | Case No. 98-CR-0043(1) (PJS/FLN) |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| JARED CHRIS WARREN, | |
| Defendant. | |

---

Defendant Jared Warren was convicted by a jury of possessing cocaine base with intent to distribute. On August 4, 1999, Judge James Rosenbaum sentenced him to 360 months in prison and five years of supervised release. According to the probation office, his projected release date is August 1, 2024. ECF No. 96.

This matter is before the Court on Warren's motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 authorizes a court to reduce the sentence imposed on a defendant convicted of a "covered offense." *Id.* § 404(b). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." *Id.* § 404(a). Sentence reductions under § 404 are discretionary. *Id.* § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

In this case, the parties agree that Warren was convicted of a "covered offense" and therefore is eligible for a sentence reduction under § 404, although they disagree as to the reason that he is eligible. Warren argues that, under the plain language of § 404(a), all pre-August 3, 2010 cocaine-base offenses under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) categorically qualify as "covered offenses" because § 2 of the Fair Sentencing Act modified the statutory penalties for those offenses. For its part, the government argues that eligibility for a sentence reduction under § 404 depends on the amount of cocaine base actually at issue in the defendant's offense of conviction. If the amount is sufficient to trigger the statutory penalties to which the defendant was originally subject even under the post-2010 version of § 841(b), then (according to the government) the defendant is not eligible for a reduction.

Courts have split on this issue. *Compare United States v. Dodd*, 372 F. Supp. 3d 795, 797 (S.D. Iowa 2019) ("The First Step Act . . . applies to offenses and not conduct."), *with United States v. Blocker*, 378 F. Supp. 3d 1125, 1128 (N.D. Fla. 2019) ("[W]hether the Fair Sentencing Act changed the penalty range on count one turns on a question of historical fact: did the conspiracy involve at least 280 grams of crack for which Mr. Blocker was responsible?"). The Court need not decide the issue, however, as both parties agree that Warren is eligible for a sentence reduction under § 404 regardless of which interpretation controls.

The parties also agree that the Court has discretion to decide whether and to what extent to reduce Warren's sentence. The Court may, in its discretion, reduce Warren's sentence by any amount (up to time served), or the Court may deny a reduction altogether. To guide the Court in exercising its discretion, the parties make various arguments regarding the statutory and Guidelines ranges that would have applied to Warren if he had been convicted under the post-2010 version of § 841(b). The parties' positions on these matters differ, however.

The government contends that Warren was found guilty of possessing 250 grams of cocaine base, which, under the current version of § 841(b)(1)(B), would subject him to a statutory minimum term of five years, a maximum term of 40 years, and a Guidelines range of 262-327 months. In light of that range, the government advocates for a reduction to 300 months and no reduction to Warren's five-year term of supervised release.

Warren contends that, because he was convicted prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and because the jury did not make a finding regarding the amount of cocaine base involved in his offense beyond a reasonable doubt, he must be treated as though he was convicted under § 841(b)(1)(C), which carries a maximum term of 20 years. Because he has already served more than 21 years, Warren argues, the Court should reduce his sentence to time served and a supervised-release term of four years.

Warren acknowledges that the indictment charges him with possessing 250 grams of cocaine base and that the verdict form states that he is guilty of possessing approximately 250 grams of cocaine base. But he argues that the jury instructions indicate that the jury was not asked to, and did not, find this quantity of drugs unanimously and beyond a reasonable doubt. In particular, he points to the instructions defining the elements of the offense and to the following language from a later instruction:

> Now, the evidence in the case need not prove the actual quantity. The indictment sets forth both a date and a precise quantity. You need not find that it was proven beyond a reasonable doubt that it took place on the exact day or the exact quantity if you find the evidence places it reasonably close to the date and reasonably close to the quantity that is charged in the indictment. But as I said, the government must prove beyond a reasonable doubt that there was a measurable amount of the controlled substance, and in fact, it was knowingly and intentionally possessed with intent to distribute.

ECF No. 66 at 91.

Although this language is not a model of clarity, the Court believes that the government has the better of the argument. The jury was instructed that it need not find the "exact quantity," but it was nevertheless told that it had to find that the quantity was "reasonably close to the quantity that is charged in the indictment." As noted, the indictment charged Warren with possessing approximately 250 grams of

cocaine base. Although "approximately" and "reasonably close" leave some wiggle room, 250 grams is far higher than—and neither "approximately" nor "reasonably close" to—the statutory minimum of 28 grams necessary to trigger the application of § 841(b)(1)(B). The Court therefore agrees with the government that, if the Fair Sentencing Act had been in effect when Warren was convicted and sentenced, he would have been convicted under § 841(b)(1)(B) and his Guidelines range would have been 262-327 months.

That said, the Court agrees with Warren that a sentence of time served, and a reduction of his supervised-release term to four years, is the appropriate disposition of this case. Warren has already served approximately 258 months. According to the Bureau of Prisons' Sentry Report, as of February 7, 2019, Warren had accrued 935 days of good-conduct credit. This means that Warren has already served the equivalent of a sentence of roughly 288 months—well above the bottom of the relevant Guidelines range.

It is true that Warren has a serious criminal record (including violent offenses) and a poor disciplinary record in prison. That certainly gives the Court pause. But Warren's most recent misconduct dates from 2016, and he appears to have a clean record since then. He has also participated in a great deal of educational and other programming and has submitted an impressive and detailed release plan that outlines

the specific steps he plans to take to reintegrate himself into society and eventually start his own business.

In light of all of these factors, a sentence of time served—which, again, is the equivalent of a 24-year sentence—is sufficient to serve the objectives of 18 U.S.C. § 3553(a). Finally, with respect to Warren's term of supervised release, the Court finds that a four-year term is sufficient in light of Warren's detailed and carefully considered release plan.[1]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to reduce sentence [ECF Nos. 94, 100] is GRANTED.

2. Defendant's sentence on Count One of the indictment is reduced to time served and four years of supervised release.

---

[1] The Court notes that Warren plans to move to Maryland to live with his parents. It is the Court's understanding that, because Warren's release plan has not been reviewed and approved, he must be released in Minnesota, and he will not be allowed to move to Maryland unless and until the probation office in the District of Minnesota successfully transfers supervisory authority over Warren to the probation office in the District of Maryland. For that reason, the Court will modify Warren's conditions of supervised release to require him to spend up to 120 days in a residential reentry center to ensure that he has a place to live while a transfer is being arranged. Warren can, of course, move to modify this condition if he believes that such a modification is warranted.

3. Defendant's conditions of supervised release are modified to include the following condition: Defendant must immediately reside in a residential reentry center for up to 120 days. The residential reentry center must be approved by the probation officer. Defendant must follow all of the rules of that facility.

4. All other provisions of the judgment remain unchanged.

Dated: August 16, 2019

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge